## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

PENGUIN RANDOM HOUSE LLC, *et al.*,

      Plaintiffs,

v.                           Case No. 6:24-CV-01573-CEM-RMN

BEN GIBSON, in his official capacity as
Chair of the Florida State Board of
Education, *et al.*,

      Defendants.

_____

### Uniform Case Management Report

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.  Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 9/20/2024 and on 10/28/2024. On behalf of Plaintiffs, Frederick J. Sperling, Adam Diederich, Kirstie Brenson (on 9/20 only), and David A. Karp attended the conferences.  On behalf of the State Defendants, Bridget O'Hickey and Daniel Bell attended the conferences.  On behalf of the Orange County School District Defendants, Howard Marks and Sheena Thakrar attended the conferences.  On behalf of the Volusia County School District Defendants (who had not been served as of 9/20), Howard Marks and Sheena Thakrar attended the 10/28 conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 10/4/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/25/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).     Plaintiff | Not Applicable |
| Defendant | Not Applicable |
| Rebuttal | Not Applicable |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 2/4/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not Applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/4/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Mediator to be determined. | Not Applicable* |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 10/6/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 10/20/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 11/3/2025 |
| Month and year of the trial term. | 11/10/2025 |

\* The parties request that mediation be waived since this case concerns the constitutionality of a state statute that is not conductive to mediation.

The parties believe that trial is unlikely because this case concerns only legal questions, which would be decided by rulings on dispositive motions.  If there is a trial, it will last only one day and be

☐ jury.

☒ non-jury:  This case concerns declaratory-judgment claims on legal issues to be resolved as a matter of law without trial.

## 3.  Description of the Action

This case concerns the constitutionality of two provisions of Florida Statutes Section 1006.28 that require the statewide content-based removal of books from school libraries:  Sections 1006.28(2)(a)(2)(b)(I) and (II).  Plaintiffs seek declaratory judgments that these provisions violate their rights and the rights of others under the Free Speech Clause of the First Amendment.

## 4.  Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5.  Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.  Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason

> can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐  The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒  The parties do not consent.

## 7.  Preliminary Pretrial Conference

☐  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒  The parties do request a preliminary pretrial conference, and the parties want to discuss their request for a "speedy hearing" of this declaratory-judgment action as provided for under Federal Rule of Civil Procedure 57.

## 8.  Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9.  Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒  Yes.
    ☐  No

B.  Discovery may be needed on these subjects: the allegations in Plaintiffs' complaint and substance of their claims; documentation concerning the removal of school library books under Section 1006.28; and standing.

4

C.    Discovery should be conducted in phases:

    ☒  No.
    ☐  Yes

D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒  No.
    ☐  Yes

E.    ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

    ☒  No.
    ☐  Yes

## 10. Request for Special Handling

☐  The parties do not request special handling.

☒  The parties request special handling. Specifically, the parties request a "speedy hearing" of this declaratory-judgment action as provided for under Federal Rule of Civil Procedure 57.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/ Frederick J. Sperling
Frederick J. Sperling
Plaintiffs' Counsel
10/30/2024

/s/ David A. Karp
David A. Karp
Plaintiffs' Counsel
10/30/2024

/s/ Bridget O'Hickey
State Board of Education
Defendants' Counsel
10/30/2024

/s/ Howard Marks
Orange County School Board and
Volusia County School Board
Defendants' Counsel
10/30/2024