IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:24-cv-01573

PENGUIN RANDOM HOUSE LLC;
HACHETTE BOOK GROUP, INC.;
HARPERCOLLINS PUBLISHERS LLC;
MACMILLAN PUBLISHING GROUP, LLC;
SIMON & SCHUSTER, LLC; SOURCEBOOKS LLC;
THE AUTHORS GUILD; JULIA ALVAREZ;
JOHN GREEN; LAURIE HALSE ANDERSON;
JODI PICOULT; ANGIE THOMAS;
HEIDI KELLOGG AS PARENT AND
NEXT FRIEND OF R.K.; AND
JUDITH ANNE HAYES AS PARENT AND
NEXT FRIEND OF J.H.,

    p

vs.

BEN GIBSON, IN HIS OFFICIAL CAPACITY AS CHAIR
OF THE FLORIDA STATE BOARD OF EDUCATION;
RYAN PETTY, IN HIS OFFICIAL CAPACITY
AS VICE CHAIR OF THE FLORIDA STATE
BOARD OF EDUCATION; ESTHER BYRD,
GRAZIE P. CHRISTIE, KELLY GARCIA, AND
MARYLYNN MAGAR, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE FLORIDA STATE
BOARD OF EDUCATION; TERESA JACOBS, IN HER
OFFICIAL CAPACITY AS CHAIR OF THE ORANGE
COUNTY SCHOOL BOARD; ANGIE GALLO,
MARIA SALAMANCA, ALICIA FARRANT, PAM GOULD,
VICKI-ELAINE FELDER, KAREN CASTOR DENTEL,
AND MELISSA BYRD, IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE ORANGE
COUNTY SCHOOL BOARD; JAMIE HAYNES, IN HER
OFFICIAL CAPACITY AS CHAIR OF THE VOLUSIA
COUNTY SCHOOL BOARD; ANITA BURNETTE, IN HER
OFFICIAL CAPACITY AS VICE CHAIR OF THE
VOLUSIA COUNTY SCHOOL BOARD; AND
RUBEN COLÓN, CARL PERSIS, AND JESSIE

THOMPSON, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE VOLUSIA COUNTY
SCHOOL BOARD,

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF
## THE VOLUSIA COUNTY SCHOOL BOARD DEFENDANTS

Defendants, Jamie Haynes, Anita Burnette, Ruben Colon, Carl Persis and Jessie Thompson, in their official capacities as members of the Volusia County School Board (collectively the "VCSB Defendants"), through counsel, file this Answer and Affirmative Defenses to Plaintiffs' Complaint stating as follows:

Pursuant to Federal Rule of Civil Procedure 8(b), the VCSB Defendants respectfully submit that they take no position on the merits of Plaintiffs' Complaint (Doc. 1). To the extent that the VCSB Defendants' co-defendants argue that Plaintiffs lack standing to bring a First Amendment facial challenge to Florida Statute § 1006.28, the VCSB Defendants adopt that argument and that defense, both as an affirmative defense and as a denial.

Specifically, in response to paragraph 51 of the Complaint, the VCSB Defendants admit that the Volusia County School Board operates Volusia County Public Schools. The VCSB Defendants specifically admit the allegations in paragraphs 52, 53 and 54. The VCSB Defendants specifically admit the allegations in paragraph 55 in that they have been sued in their

official capacities, but deny the remainder of paragraph 55, deny that they have properly been so sued, and further state that the Volusia County School Board is the proper defendant-entity (not its members).

The VCSB Defendants do not respond to counts I through III and count VII, as those counts are not directed at the VCSB Defendants, and thus no response from the VCSB Defendants is required.

As to Count IV, the VCSB Defendants specifically admit the allegations in paragraph 230 to the extent that Plaintiffs' allege, in that paragraph, that the VCSB Defendants are required to comply with Florida law as set forth in Florida Statute § 1006.28. Otherwise, and as to the remaining allegations in paragraph 230, the VCSB Defendants deny those remaining allegations. The VCSB Defendants deny the allegations in paragraph 231 and 232.

As to Count V, the VCSB Defendants specifically admit the allegations in paragraph 242 to the extent that Plaintiffs' allege, in that paragraph, that the VCSB Defendants are required to comply with Florida law as set forth in Florida Statute § 1006.28. Otherwise, and as to the remaining allegations in paragraph 242, the VCSB Defendants deny those remaining allegations.

The VCSB Defendants specifically admit the allegations in paragraph 243 to the extent that Plaintiffs' allege, in that paragraph, that the VCSB Defendants are required to comply with Florida law as set forth in Florida

Statute § 1006.28. Otherwise, and as to the remaining allegations in paragraph 243, the VCSB Defendants deny those remaining allegations.

As to Count VI, the VCSB Defendants specifically admit the allegations in paragraph 262 to the extent that Plaintiffs' allege, in that paragraph, that the VCSB Defendants are required to comply with Florida law as set forth in Florida Statute § 1006.28. Otherwise, and as to the remaining allegations in paragraph 262, the VCSB Defendants deny those remaining allegations. The VCSB Defendants deny the allegations in paragraph 263.

As to all of the other allegations in the Complaint, the VCSB Defendants lack knowledge or information sufficient to form a belief about the truth of those remaining allegations, and therefore deny those allegations, by a general denial. The VCSB Defendants will abide by any final judgement of this Court concerning the facially-challenged statute.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:** The VCSB Defendants allege that Plaintiffs lack standing to bring their claims and specifically incorporate and adopt any arguments on standing made by the VCSB Defendants' co-defendants.

**Second Affirmative Defense:** The VCSB Defendants allege that they are not proper defendants in this action in which Plaintiff has sued them in their official capacities. As the governing body of Volusia County Public

Schools, organized and operated under Fla. Stat. §§ 1001.34 through 1001.453, the Volusia County School Board is the proper party and not its board members in their official capacities. *See* Fla. Stat. § 1001.41(4).

**Third Affirmative Defense**: The VCSB Defendants allege that Plaintiffs have failed to state a cause of action against them.

**Fourth Affirmative Defense**: To the extent that any materials have been removed from any Volusia County public school, this was for the sole purpose of complying with Florida law.

**Fifth Affirmative Defense**: There is no policy, procedure, or custom in place, or decision made by a final decision-maker or any of the board members that would subject the VCSB Defendants to liability.

**Sixth Affirmative Defense**: To the extent that Plaintiffs are alleging claims against the VCSB Defendants other than a facial challenge to the relevant statute, Plaintiffs' claims against the VCSB Defendants are barred by the Eleventh Amendment and sovereign immunity.

Dated this 15th day of November, 2024.

*/s/ Sheena A. Thakrar*
HOWARD MARKS (FL Bar #0750085)
Email: hmarks@burr.com
Secondary Email: echaves@burr.com
SHEENA THAKRAR (FL Bar #871141)
Email: sthakrar@burr.com
Secondary Email: acape@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800

                Orlando, Florida 32801
                Telephone: (407) 540-6600
                *Attorneys for Defendants VCSB*
                *Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of November, 2024, a true and correct copy of the foregoing was filed via the CM/ECF system, which will provide electronic notice to all counsel of record.

                */s/ Sheena A. Thakrar*
                SHEENA THAKRAR (FL BAR #871141)