IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:24-cv-01573

PENGUIN RANDOM HOUSE LLC;
HACHETTE BOOK GROUP, INC.;
HARPERCOLLINS PUBLISHERS LLC;
MACMILLAN PUBLISHING GROUP, LLC;
SIMON & SCHUSTER, LLC; SOURCEBOOKS LLC;
THE AUTHORS GUILD; JULIA ALVAREZ;
JOHN GREEN; LAURIE HALSE ANDERSON;
JODI PICOULT; ANGIE THOMAS;
HEIDI KELLOGG AS PARENT AND
NEXT FRIEND OF R.K.; AND
JUDITH ANNE HAYES AS PARENT AND
NEXT FRIEND OF J.H.,

    p

vs.

BEN GIBSON, IN HIS OFFICIAL CAPACITY AS CHAIR
OF THE FLORIDA STATE BOARD OF EDUCATION;
RYAN PETTY, IN HIS OFFICIAL CAPACITY
AS VICE CHAIR OF THE FLORIDA STATE
BOARD OF EDUCATION; ESTHER BYRD,
GRAZIE P. CHRISTIE, KELLY GARCIA, AND
MARYLYNN MAGAR, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE FLORIDA STATE
BOARD OF EDUCATION; TERESA JACOBS, IN HER
OFFICIAL CAPACITY AS CHAIR OF THE ORANGE
COUNTY SCHOOL BOARD; ANGIE GALLO,
MARIA SALAMANCA, ALICIA FARRANT, PAM GOULD,
VICKI-ELAINE FELDER, KAREN CASTOR DENTEL,
AND MELISSA BYRD, IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE ORANGE
COUNTY SCHOOL BOARD; JAMIE HAYNES, IN HER
OFFICIAL CAPACITY AS CHAIR OF THE VOLUSIA
COUNTY SCHOOL BOARD; ANITA BURNETTE, IN HER
OFFICIAL CAPACITY AS VICE CHAIR OF THE
VOLUSIA COUNTY SCHOOL BOARD; AND
RUBEN COLÓN, CARL PERSIS, AND JESSIE

THOMPSON, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE VOLUSIA COUNTY
SCHOOL BOARD,

      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF THE ORANGE COUNTY SCHOOL BOARD DEFENDANTS

Defendants, Teresa Jacobs, in her official capacity as Chair of the Orange County School Board, Angie Gallo, Maria Salamanca, Alicia Farrant, Pam Gould, Vicki-Elaine Felder, Karen Castor Dentel, and Melissa Byrd, in their official capacities as members of the Orange County School Board (collectively the "OCSB Defendants"), through counsel, file this Answer and Affirmative Defenses to Plaintiffs' Complaint stating as follows:

Pursuant to Federal Rule of Civil Procedure 8(b), the OCSB Defendants respectfully submit that they take no position on the merits of Plaintiffs' Complaint (Doc. 1). To the extent that the OCSB Defendants' co-defendants argue that Plaintiffs lack standing to bring a First Amendment facial challenge to Florida Statute § 1006.28, the OCSB Defendants adopt that argument and that defense both as an affirmative defense and as a denial.

Specifically, in response to paragraph 47 of the Complaint, the OCSB Defendants admit that the Orange County School Board operates Orange County Public Schools. The OCSB defendants specifically admit the allegations in paragraphs 48 and 49. The OCSB defendants specifically admit

the allegations in paragraph 50 in that they have been sued in their official capacities, but deny the remainder of paragraph 50, deny that they have properly been so sued, and further state that the Orange County School Board is the proper defendant-entity (not its members).

The OCSB Defendants do not respond to counts I through VI as those counts are not directed at the OCSB Defendants and this no response from the OCSB Defendants is thus required.

As to Count VII (the only count directed at the OCSB Defendants), the OCSB Defendants specifically admit the allegations in Paragraph 280 to the extent that Plaintiffs' allege, in that paragraph, that the OCSB Defendants are required to comply with Florida law as set forth in Florida Statute § 1006.28. Otherwise, and as to the remaining allegations in paragraph 280, the OCSB Defendants deny the allegations in paragraph 280. The OCSB Defendants deny the allegations in paragraph 281.

Otherwise, and as to all of the other allegations in the Complaint, the OCSB Defendants lack knowledge or information sufficient to form a belief about the truth of those remaining allegations, and therefore deny those allegations, by a general denial. The OCSB Defendants will abide by any final judgement of this Court concerning the facially-challenged statute.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:** The OCSB Defendants allege that Plaintiffs lack standing to bring their claims and specifically incorporate and adopt any arguments on standing made by the OCSB Defendants' co-defendants.

**Second Affirmative Defense:** The OCSB Defendants allege that they are not proper defendants in this action in which Plaintiff has sued them in their official capacities. As the governing body of Orange County Public Schools, organized and operated under Fla. Stat. §§ 1001.34 through 1001.453, the Orange County School Board is the proper party and not its board members in their official capacities. *See* Fla. Stat. § 1001.41(4).

**Third Affirmative Defense**: The OCSB Defendants allege that Plaintiffs have failed to state a cause of action against them.

**Fourth Affirmative Defense**: To the extent that any materials have been removed from orange county public schools, this was for the sole purpose of complying with Florida law.

**Fifth Affirmative Defense**: There is no policy, procedure, or custom in place, or decision made by a final decision-maker or any of the board members that would subject the OCSB Defendants to liability.

**Sixth Affirmative Defense**: To the extent that Plaintiffs are alleging claims against the OCSB Defendants other than a facial challenge to the

relevant statute, Plaintiffs' claims against the OCSB Defendants are barred by the Eleventh Amendment and sovereign immunity.

Dated this 15th day of November, 2024.

> */s/ Sheena A. Thakrar*
> HOWARD MARKS (FL Bar #0750085)
> Email: hmarks@burr.com
> Secondary Email: echaves@burr.com
> SHEENA THAKRAR (FL Bar #871141)
> Email: sthakrar@burr.com
> Secondary Email: acape@burr.com
> BURR & FORMAN LLP
> 200 S. Orange Avenue, Suite 800
> Orlando, Florida 32801
> Telephone: (407) 540-6600
> *Attorneys for Defendants OCSB Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November, 2024, a true and correct copy of the foregoing was filed via the CM/ECF system, which will provide electronic notice to all counsel of record.

> */s/ Sheena A. Thakrar*
> SHEENA THAKRAR (FL BAR #871141)