**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:24-cv-01573**

PENGUIN RANDOM HOUSE LLC;
HACHETTE BOOK GROUP, INC.;
HARPERCOLLINS PUBLISHERS LLC;
MACMILLAN PUBLISHING GROUP, LLC;
SIMON & SCHUSTER, LLC; SOURCEBOOKS LLC;
THE AUTHORS GUILD; JULIA ALVAREZ;
JOHN GREEN; LAURIE HALSE ANDERSON;
JODI PICOULT; ANGIE THOMAS;
HEIDI KELLOGG AS PARENT AND
NEXT FRIEND OF R.K.; AND
JUDITH ANNE HAYES AS PARENT AND
NEXT FRIEND OF J.H.,

     Plaintiffs,

vs.

BEN GIBSON, IN HIS OFFICIAL CAPACITY AS CHAIR
OF THE FLORIDA STATE BOARD OF EDUCATION;
RYAN PETTY, IN HIS OFFICIAL CAPACITY
AS VICE CHAIR OF THE FLORIDA STATE
BOARD OF EDUCATION; ESTHER BYRD,
GRAZIE P. CHRISTIE, KELLY GARCIA, AND
MARYLYNN MAGAR, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE FLORIDA STATE
BOARD OF EDUCATION; TERESA JACOBS, IN HER
OFFICIAL CAPACITY AS CHAIR OF THE ORANGE
COUNTY SCHOOL BOARD; ANGIE GALLO,
MARIA SALAMANCA, ALICIA FARRANT, PAM GOULD,
VICKI-ELAINE FELDER, KAREN CASTOR DENTEL,
AND MELISSA BYRD, IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE ORANGE
COUNTY SCHOOL BOARD; JAMIE HAYNES, IN HER
OFFICIAL CAPACITY AS CHAIR OF THE VOLUSIA
COUNTY SCHOOL BOARD; ANITA BURNETTE, IN HER
OFFICIAL CAPACITY AS VICE CHAIR OF THE
VOLUSIA COUNTY SCHOOL BOARD; AND
RUBEN COLÓN, CARL PERSIS, AND JESSIE

THOMPSON, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE VOLUSIA COUNTY
SCHOOL BOARD,

     Defendants.

_____/

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF THE ORANGE COUNTY SCHOOL BOARD DEFENDANTS

Defendants, Teresa Jacobs, in her official capacity as Chair of the Orange County School Board, Angie Gallo, Maria Salamanca, Alicia Farrant, Pam Gould, Vicki-Elaine Felder, Karen Castor Dentel, and Melissa Byrd, in their official capacities as members of the Orange County School Board (collectively the "OCSB Defendants"), through counsel, file this Amended Answer and Affirmative Defenses to Plaintiffs' Complaint stating as follows:

Specifically, in response to paragraph 47 of the Complaint, the OCSB Defendants admit that the Orange County School Board operates Orange County Public Schools. The OCSB defendants specifically admit the allegations in paragraphs 48 and 49. The OCSB defendants specifically admit the allegations in paragraph 50 in that they have been sued in their official capacities, but deny the remainder of paragraph 50, deny that they have properly been so sued, and further state that the Orange County School Board is the proper defendant-entity (not its members).

The OCSB Defendants do not respond to counts I through VI as those counts are not directed at the OCSB Defendants and thus no response from the OCSB Defendants is required.

As to Count VII (the only count directed at the OCSB Defendants), the OCSB Defendants specifically admit the allegations in Paragraph 280 to the extent that Plaintiffs' allege, in that paragraph, that the OCSB Defendants are required to comply with Florida law as set forth in Florida Statute § 1006.28. Otherwise, and as to the remaining allegations in paragraph 280, the OCSB Defendants deny the allegations in paragraph 280.  The OCSB Defendants deny the allegations in paragraphs 281, 282, 283, and 284.

Otherwise, and as to all of the other allegations in the Complaint, the OCSB Defendants lack knowledge or information sufficient to form a belief about the truth of those remaining allegations, and therefore deny those allegations, by a general denial. The OCSB Defendants will abide by any final judgement of this Court concerning the facially-challenged statute.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:** The OCSB Defendants allege that Plaintiffs lack standing to bring their claims.

**Second Affirmative Defense:** The OCSB Defendants allege that they are not proper defendants in this action in which Plaintiff has sued them in their official capacities. As the governing body of Orange County Public

Schools, organized and operated under Fla. Stat. §§ 1001.34 through 1001.453, the Orange County School Board is the proper party and not its board members in their official capacities. *See* Fla. Stat. § 1001.41(4).

**Third Affirmative Defense**: The OCSB Defendants allege that Plaintiffs have failed to state a cause of action against them.

**Fourth Affirmative Defense**: To the extent that any materials have been removed from Orange County Public Schools, this was for the sole purpose of complying with Florida law.

**Fifth Affirmative Defense**: There is no policy, procedure, or custom in place, or decision made by a final decision-maker or any of the board members, that would subject the OCSB Defendants to liability.

**Sixth Affirmative Defense**: To the extent that Plaintiffs are alleging claims against the OCSB Defendants other than a facial constitutional challenge to the relevant statute, Plaintiffs' claims against the OCSB Defendants are barred by the Eleventh Amendment and sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

**Seventh Affirmative Defense**: The OCSB Defendants allege that Plaintiffs fail to state a cause of action against them under the First Amendment and defer to and adopt the State Defendants' arguments raised on the merits of Plaintiffs' First Amendment claim.

Dated this 5th day of December, 2024.

/s/ Sheena A. Thakrar
HOWARD MARKS (FL Bar #0750085)
Email: hmarks@burr.com
Secondary Email: echaves@burr.com
SHEENA THAKRAR (FL Bar #871141)
Email: sthakrar@burr.com
Secondary Email: acape@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
*Attorneys for Defendants OCSB*
*Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December, 2024, a true and correct copy of the foregoing was filed via the CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ Sheena A. Thakrar
SHEENA THAKRAR (FL BAR #871141)