# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PENGUIN RANDOM HOUSE LLC; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS LLC; MACMILLAN PUBLISHING GROUP, LLC; SIMON & SCHUSTER, LLC; SOURCEBOOKS LLC; THE AUTHORS GUILD; JULIA ALVAREZ; JOHN GREEN; LAURIE HALSE ANDERSON; JODI PICOULT; ANGIE THOMAS; HEIDI KELLOGG; and JUDITH ANNE HAYES,

    Plaintiffs,

v.

BEN GIBSON; RYAN PETTY; ESTHER BYRD; GRAZIE P CHRISTIE; KELLY GARCIA; MARYLYNN MAGAR; TERESA JACOBS; ANGIE GALLO; MARIA SALAMANCA; ALICIA FARRANT; PAM GOULD; VICKI-ELAINE FELDER; KAREN CASTOR DENTEL; MELISSA BYRD; JAMIE HAYNES; ANITA BURNETTE; RUBEN COLON; CARL PERSIS; and JESSIE THOMPSON,

    Defendants.

Case No. 6:24-cv-1573-CEM-RMN

**REPORT AND RECOMMENDATION**

This matter has been referred to me to conduct a preliminary pretrial conference. Dkt. 76. I held a preliminary pretrial conference with the parties in person on December 10, 2024 ("Conference"). Dkt. 90.

At the Conference, the parties and I discussed the case and the parties' representation that discovery is unnecessary. I reminded the parties that Plaintiffs have the burden of proving their standing and that they cannot rest on factual allegations in the complaint in the later stages of litigation. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). So the parties do need to conduct some discovery. The parties maintained that to the extent discovery is necessary on the issue of standing, it will be minimal in nature and will be completed by the requested deadline of February 4, 2025.

Plaintiffs affirmed that their claims are facial challenges under the First Amendment and that there are no as-applied challenges in their claims. As such, the parties anticipate that the case will be decided on summary judgment as a matter of law, and no bench trial will be necessary. I cautioned the parties to read and closely follow our Local Rules and deadlines and explained the Standing Order on Discovery Motions (Dkt. 89). I pointed out that the proposed discovery deadline provides very little time to conduct discovery, especially if the parties have not already propounded written discovery. I also cautioned the parties

that all discovery and discovery disputes must be completed by the deadline proposed, regardless of the pending motion to dismiss. Lastly, I advised the parties that they could notify the Court after the Conference if they wished to propose changes to the case management deadlines based on our discussion.

Based on my discussion with the parties, and their representations at the Conference, I recommend that the Court enter a Case Management and Scheduling Order that sets the deadlines indicated in the Amended Case Management Report (Dkt. 75).[1]

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no

---

[1] If the parties have no objections, then they may file a notice to that effect. If they do so the Court may act without waiting for the expiration of the 14-day objection period.

- 4 -

specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on December 12, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Hon. Carlos E. Mendoza

Counsel of Record