IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:24-cv-01573-CEM-RMN

PENGUIN RANDOM HOUSE LLC;
HACHETTE BOOK GROUP, INC.;
HARPERCOLLINS PUBLISHERS LLC;
MACMILLAN PUBLISHING GROUP, LLC;
SIMON & SCHUSTER, LLC; SOURCEBOOKS LLC;
THE AUTHORS GUILD; JULIA ALVAREZ;
JOHN GREEN; LAURIE HALSE ANDERSON;
JODI PICOULT; ANGIE THOMAS;
HEIDI KELLOGG AS PARENT AND
NEXT FRIEND OF R.K.; AND
JUDITH ANNE HAYES AS PARENT AND
NEXT FRIEND OF J.H.,

 Plaintiffs,

vs.

BEN GIBSON, IN HIS OFFICIAL CAPACITY AS CHAIR
OF THE FLORIDA STATE BOARD OF EDUCATION;
RYAN PETTY, IN HIS OFFICIAL CAPACITY
AS VICE CHAIR OF THE FLORIDA STATE
BOARD OF EDUCATION; ESTHER BYRD,
GRAZIE P. CHRISTIE, KELLY GARCIA, AND
MARYLYNN MAGAR, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE FLORIDA STATE
BOARD OF EDUCATION; TERESA JACOBS, IN HER
OFFICIAL CAPACITY AS CHAIR OF THE ORANGE
COUNTY SCHOOL BOARD; ANGIE GALLO,
MARIA SALAMANCA, ALICIA FARRANT, PAM GOULD,
VICKI-ELAINE FELDER, KAREN CASTOR DENTEL,
AND MELISSA BYRD, IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE ORANGE
COUNTY SCHOOL BOARD; JAMIE HAYNES, IN HER
OFFICIAL CAPACITY AS CHAIR OF THE VOLUSIA
COUNTY SCHOOL BOARD; ANITA BURNETTE, IN HER
OFFICIAL CAPACITY AS VICE CHAIR OF THE
VOLUSIA COUNTY SCHOOL BOARD; AND
RUBEN COLÓN, CARL PERSIS, AND JESSIE

THOMPSON, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE VOLUSIA COUNTY
SCHOOL BOARD,

    Defendants.
_____/

### THE SCHOOL BOARD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The OCSB Defendants[1] and the VCSB Defendants[2] (collectively, the "School Board Defendants"), by counsel, under Federal Rule of Civil Procedure

---

[1] The OCSB Defendants are the chair and the members of the Orange County School Board sued in their official capacities: Teresa Jacobs, Angie Gallo, Maria Salamanca, Alicia Farrant, Pam Gould, Vicki-Elaine Felder, Karen Castor Dentel, and Melissa Byrd. Official capacity claims are the same as claims against the government entity itself. *See Redlich v. Leen,* 2016 WL 3670575, at *5 (S.D. Fla. May 20, 2016) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1989)). Since the Complaint's filing, Pam Gould and Karen Castor Dentel are no longer members of the Orange County School Board. In these official capacities, Pam Gould has been replaced by Anne Douglas, and Karen Castor Dentel has been replaced by Stephanie Vanos. Under Federal Rule of Civil Procedure 25(d), member Gould's and member Castor Dentel's successors are automatically substituted as parties; however, the OCSB Defendants will be filing a separate motion requesting that the Court make these substitutions after completion of a 3.01(g) conference with all counsel.

[2] The VCSB Defendants are the chair and the members of the Volusia County School Board sued in their official capacities: Jamie Haynes, Anita Burnette, Ruben Colon, Carl Persis, and Jessie Thompson. Official capacity claims are the same as claims against the government entity itself. *See Redlich v. Leen,* 2016 WL 3670575, at *5 (S.D. Fla. May 20, 2016) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1989)). Since the Complaint's filing, Anita Burnette and Carl Persis are no longer members of the Volusia County School Board. In these official capacities, Anita Burnette has been replaced by Krista Goodrich and Carl Persis has been replaced by Donna Brosemer. Under Federal Rule of Civil Procedure 25(d), member Burnette's and member Persis's

56, Local Rule 3.01(a), and the Court's Summary Judgment Briefing Schedule (Doc. 104), move for entry of summary judgment in their favor on all claims alleged against them in Plaintiffs' Complaint (Doc. 1), and also respond to Plaintiffs' Motion for Summary Judgment (Doc. 107).

## INTRODUCTION

Plaintiffs, various book publishers, book authors, and two Florida high-school students, allege facial First Amendment constitutional challenges against the School Board Defendants and various state defendants, challenging certain portions of Florida Statute § 1006.28(2) (2024). Those challenged portions of the statute require the School Board Defendants to use the Florida Department of Education's "objection form" to allow school-district parents and residents to object to school library material that is "pornographic or prohibited under s. 847.012," or that "describes sexual conduct." Fla. Stat. § 1006.28 (2)(a)2.b(I),(II) (the "Challenged Provisions"). Plaintiffs seek a declaration that the "describes sexual conduct" provision is unconstitutionally overbroad, and that the prohibition on "pornographic" content is also unconstitutionally overbroad unless the Court declares that the term

---

successors are automatically substituted as parties; however, the VCSB Defendants will be filing a separate motion requesting that the Court make these substitutions after completion of a 3.01(g) conference with all counsel.

"pornographic" must be construed as synonymous with "harmful to minors," so as to supposedly save the statute.

For the reasons below, the School Board Defendants ask the Court to enter summary judgment in their favor on all of Plaintiffs' asserted claims against them, because Plaintiffs lack standing to bring those claims. On the merits of Plaintiffs' asserted claims, the School Board Defendants defer to the State Defendants' merits arguments as explained in Section II, *infra*.

## STATEMENT OF UNDISPUTED FACTS

1. The OCSB Defendants are the chair and members of the Orange County School Board, a district school board constitutionally vested with the authority and duty to "operate, control and supervise all free public schools within the [Orange County School District]." Art. IX, § 4(b), Fla. Const; § 1001.32(2), Fla. Stat.

2. The VCSB Defendants are the chair and members of the Volusia County School Board, a district school board constitutionally vested with the authority and duty to "operate, control and supervise all free public schools within the [Volusia County School District]." Art. IX, § 4(b), Fla. Const.; § 1001.32(2), Fla. Stat.

3. Under Florida Statute § 1006.28(2) (2024), the Orange County School Board and the Volusia County School Board have "the constitutional

duty and responsibility to select and provide adequate instructional materials for all students in accordance with the requirements of this part."

4. Section 1006.28 (2)(a)(2) requires the School Board Defendants to adopt policies regarding "an objection by a parent or a resident of the county to the use of a specific material, which clearly describes a process to handle all objections and provides for resolution. The objection form to be used "is prescribed by State Board of Education rule." *Id*. Florida Administrative Code Rule 6A-7.0714(3)(a) requires the School Board Defendants to use the objection form incorporated into the Rule, and "the text of Part II of the template must not be modified" except as permitted under the Rule. Fla. Admin. Code r. 6A-7.0714(3)(c); *see id* at r. 6A-7.0714(3)(d). ("The text of the template may not be modified except as noted in this rule and in the incorporated template.").

5. The objection form must be "easily accessible on the homepage of the school district's website." Fla. Stat. § 1006.28 (2)(a)(2).

6. "The [objection] Process must provide the parent or resident the opportunity to proffer evidence to the [school board] that: (b) Any material used in a classroom, made available in a school or classroom library, or included on a reading list contains content which:

5

       (I)    Is pornographic or prohibited under s. 847.012[1];

       (II)   Depicts or describes sexual conduct as defined in s. 847.001(19)[2]

Fla. Stat. § 1006.28 (2)(a)2.b.(I),(II).

7. "Any material that is subject to an objection on the basis of sub-sub-subparagraph b.(I) or sub-sub-subparagraph b.(II) must be removed within 5 school days after receipt of the objection and remain unavailable to students of that school until the objection is resolved." Fla. Stat. § 1006.28 (2)(a).

8. "Parents shall have the right to read passages from any material that is subject to an objection. If the school board denies a parent the right to read passages due to content that meets the requirements under sub-sub-subparagraph b.(I), the school district shall discontinue the use of the material in the school district." *Id*.

---

[1] Section 847.012, is entitled, "Harmful materials; sale or distribution to minors or using minors in production prohibited; penalty," and is contained within the criminal obscenity chapter of the Florida Statutes.

[2] Section 847.001(19) defines "sexual conduct" as "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual or simulated lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

9. If a school district board finds that any material "contains prohibited content under sub-sub-subparagraph b.(I) [i.e., that the material is pornographic or prohibited under Section 847.012] [the school district board] shall discontinue use of the material." *Id*. (bracketed text added).

10. "If the district school board finds that any other material contains prohibited content under sub-sub-subparagraphs b.(II) [i.e., that the material depicts or describes sexual conduct as defined in Section 847.001(19)" the school district "shall discontinue use of the material for any grade level or age group for which such use is inappropriate or unsuitable." *Id*. (bracketed text added).

11. The School Board Defendants are required to report, to the Florida Department of Education's Commissioner of Education, materials that were subject to an objection, and to report materials removed. *See* Fla. Stat. § 1006.28 (2)(e)(3).

## STANDARD OF REVIEW

If the record presents no genuine issues as to any material fact, the moving party is entitled to a summary judgment in the moving party's favor. *See* Fed. R. Civ. P. 56(a).

## ARGUMENT

**I. Plaintiffs lack standing to sue the School Board Defendants.**

### A.   *Plaintiffs lack prudential standing.*

As an initial matter, Plaintiffs' alleged First Amendment facial overbreathed claims against the School Board Defendants (*see* Doc. 1 at ¶ 12) (Plaintiffs alleging that the Challenged Provisions "as interpreted and enforced by the State of Florida violate the First Amendment because they are impermissibly overbroad content-based restrictions") fail for lack of prudential standing. This is because the Challenged Provisions do not directly regulate Plaintiffs who are students, book publishers, and authors. *See Mata Chorwadi, Inc. v. City of Boynton Beach*, 66 F.4th 1259, 1265 (11th Cir. 2023) (finding that the hotel owners did not have prudential standing to assert overbreathed claims on behalf of hotel guests who were not regulated by the Code.).

### B.   *Plaintiffs lack Article III standing: their injuries are not traceable to the School Board Defendants and will not be redressed by the relief Plaintiffs seek.*

Under the Supreme Court's test to establish whether a plaintiff has Article III standing to bring asserted claims, a plaintiff must show (1) that plaintiff has suffered an injury-in-fact that is (2) traceable to the defendant and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61. The party invoking federal jurisdiction has the burden of proving standing. *See id.* at 561. And, because each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of

8

evidence required at the successive stages of the litigation," at the summary judgment stage, a plaintiff must establish standing under the heightened standard for evaluating a motion for summary judgment. *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000).

The traceability and redressability prongs of standing analysis "often travel together," and thus, "where a plaintiff has sued to enjoin a government official from enforcing a law, he must show, at the very least, that the official has the authority to enforce the particular provision that he has challenged, *such that an injunction prohibiting enforcement would be effectual.*" *Support Working Animals, Inc. v. Governor of Florida*, 8 F.4th 1198, 1201 (11th Cir. 2021) (emphasis added).

Here, Plaintiffs have not sued to enjoin the School Board Defendants from enforcing anything—neither the Challenged Provisions nor any school-board policy implementing those statutory provisions. Plaintiffs have not alleged any as-applied claims against the School Board Defendants either. Thus Plaintiffs' grievance is squarely with section 1006.28 (2)(a)2.b(I),(II) itself—and to that end, in their "Prayer for Relief," Plaintiffs seek the following declaratory relief from the Court:

> B. "a declaratory judgment that Section 1006.28's prohibition on content that "describes sexual conduct" is unconstitutional because it abridges rights protected by the First Amendment to the U.S. Constitution."

9

> C. "a declaratory judgment that the term "pornographic" in Section 1006.28 is synonymous with the term "harmful to minors" as defined by Section 847.001(7) or, in the event the construction of the term "pornographic" as synonymous with the term "harmful to minors" is rejected, that Section 1006.28's prohibition on "pornographic" content is unconstitutional because it abridges rights protected by the First Amendment to the U.S. Constitution."

(Doc. 1 at 92). Plaintiffs seek a declaration that the Challenged Provisions are facially unconstitutional. But that relief, sought in clams alleged against the School Board Defendants, even if granted, will not redress Plaintiffs' alleged injury because the School Board Defendants do not and cannot interpret or construe the Challenged Provisions, and they cannot change those provisions either.

In establishing traceability and redressability, the key questions are who caused the injury and how can it be remedied (Doc. 106 at 6; order denying motion to dismiss). Here, Plaintiffs challenge the "State Defendants' interpretation of the statute—contained in the objection form." (Doc. 106 at 7). And, "[b]ecause the objection form is 'prescribed by State Board of Education rule,' pursuant to section 1006.28(2)(a)2. of the Florida Statutes, State Defendants are at the root of Plaintiffs' alleged injury." (Doc. 106 at 7). So, and as this Court has explained, "while it may be local officials that physically remove the books, it is the State Defendants' interpretation of the statute—

contained in the objection form—that Plaintiffs' challenge in this action." (Doc. 106, at 26).

It is undisputed that the School Board Defendants are not able to change the state's objection form. *See* Fla. Stat. § 1006.28 (2)(a)(2); Fla. Admin. Code r. 6A-7.0714(3)(c); *see id* at r. 6A-7.0714(3)(d). The School Board Defendants are powerless to do anything other than use the state-mandated objection form and follow Florida law.[3] Plaintiffs argue that the School Board Defendants have been stripped of discretion when it comes to materials that should or should not be in school (*see, e.g.*, Doc. 107 at 23), so as to make the point, themselves, that a declaration against the School Board Defendants—that the statute is unconstitutional and that the language in the objection form be changed to conform with a certain construction of terms in the statute—cannot redress Plaintiffs' alleged injuries (the removal of certain books from school-library shelves).

The declaratory-judgment relief that Plaintiffs seek in this case distinguishes this case from a case like *Wood v. Florida Dep't of Educ.*, 729 F. Supp. 3d 1255, 1269 (N.D. Fla. 2024), on which Plaintiffs rely, because there,

---

[3] "Laws are presumed to be, and must be treated and acted upon by subordinate executive functionaries as, constitutional and legal, until their unconstitutionality or illegality has been judicially established…" *State ex rel. Atl. Coast Line R. Co. v. State Bd. of Equalizers,* 94 So. 681, 685 (Fla. 1922).

11

unlike here, the plaintiff sought to enjoin the school-district defendants from actually enforcing the law that was at issue. No injunction is sought here. Rather, in each count alleged against the School Board Defendants, Plaintiffs summarily submit that "[d]eclaratory relief *as to the constitutionality of Section 1006.28's prohibition*" would afford Plaintiffs relief.  (Doc. 1 at ¶¶ 234, 266, 284) (emphasis added).[4] But that conclusion overlooks the fact that the School Board Defendants cannot change the objection form; that they must use the objection form, that changes to the objection form must come from the State Defendants and presumably with new guidance on the required changes and how to implement those changes.  Even this Court has noted that "the remedy sought by Plaintiffs amounts to a demand that the language in the objection form be altered. And that cannot be done unless State Defendants do so." (Doc. 106 at 8).

Beyond theorizing that the requested declaratory judgments will "require [the School Board Defendants] to return books that they had previously removed" (Doc. 107 at 26), Plaintiffs supply no summary judgment evidence showing how the declaratory relief will actually and practically cause this to happen. Plaintiffs focus on reports showing books removed (*see, e.g.*,

---

[4] Because Count V is a claim wherein the Plaintiffs ask the Court to construe the term "pornographic," in that claim, Plaintiffs allege that declaratory relief as to the meaning of 'pornographic' would afford them relief.

12

Doc. 107-10-37, Plaintiffs' Exhibit B), and while those reports may well support Plaintiffs' alleged injury, they do not, without more, establish that the requested declaration against the School Board Defendants will cause any of the removed books to be re-shelved. *See Support Working Animals,* 8 F.4th at 1205 (11th Cir. 2021) ("Standing's redressability requirement mandates that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") (internal quotation marks omitted).  Because sometimes "a favorable declaratory judgment ... cannot make even an unconstitutional statute disappear," *see W. Flagler Associates Ltd. v. DeSantis*, 568 F. Supp. 3d 1277, 1286 (N.D. Fla. 2021) (*citing Steffel v. Thompson*, 415 U.S. 452, 469 (1974)) (alternation in original), Plaintiffs' alleged injuries can be redressed only through relief against the State Defendants. For these reasons, Plaintiffs lack standing to sue the School Board Defendants and summary judgment should be entered in favor of the School Board Defendants on all of Plaintiffs' claims alleged against them.

**II.   The School Board Defendants' merits arguments.**

On the merits of Plaintiffs' alleged claims, the School Board Defendants defer to those arguments made by the State Defendants in their Motion for Summary Judgment.  Specifically, the School Board Defendants defer to the State Defendants' merits-arguments made in Sections IV and V of their summary judgment motion. Such deferral by the School Board Defendants is

13

warranted under Florida Statute § 1001.42(15) which "require[s] that all laws and rules of the State Board of Education or of the district school board are properly enforced." School boards must comply with the laws as adopted by the legislature and as interpreted by the State Board of Education.

Plaintiffs are mindful of Local Rule 3.01(f)'s prohibition on incorporating parts of any other motion, legal memorandum, or brief, and that rule's intent to, for example, guard against a party exceeding applicable page-limits by incorporation, or creating a messy docket via internal cross references to external docket materials. Here, however, the School Board Defendants seek to defer to the State Defendants' defense and interpretation of the state statute, and ask the Court to temporarily modify or suspend the application of Local Rule 3.01(f) to the extent that the Court views the School Board Defendants' deferral in this instance to implicate Rule 3.01(f). *See* Local Rule 1.01(b) (allowing the Court to temporarily modify or suspend the application of any rule, except Local Rule 1.05(a)).

Finally, if the Court requires the School Board Defendants' to reproduce, in this filing, the State Defendants' merits arguments, the School Board Defendants respectfully request leave to re-file this motion so that they can reproduce (i.e., cut-and-paste) those arguments into this Motion. The School Board Defendants submit that so doing, would not exceed the 50-page limit for this filing. (*see* Doc. 104).

WHEREFORE, the School Board Defendants respectfully request that the Court grant summary judgment in their favor, and against Plaintiffs, on all of Plaintiffs' claims alleged against them.

Dated this 1st day of April, 2025.

*/s/ Sheena A. Thakrar*
HOWARD MARKS (FL Bar #0750085)
Email: hmarks@burr.com
Secondary Email: echaves@burr.com
SHEENA THAKRAR (FL Bar #871141)
Email: sthakrar@burr.com
Secondary Email: acape@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
*Attorneys for the School Board Defendants*

15

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of April, 2025, a true and correct copy of the foregoing was filed via the CM/ECF system, which will provide electronic notice to all counsel of record.

*/s/Sheena A. Thakrar*
SHEENA THAKRAR (FL BAR #871141)
