UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PENGUIN RANDOM HOUSE LLC, *et al.*,

    Plaintiffs,

v.

BEN GIBSON, in his official capacity as Chair of the Florida State Board of Education, *et al.*,

    Defendants.

_____

Case No. 6:24-CV-01573-CEM-RMN

### Unopposed Plaintiffs' Motion For Leave To File A Short Response To The State Defendants' Notice Of Supplemental Authority

Plaintiffs move for leave to file a short response of no more than five pages to the State Defendants' May 23, 2025 Notice Of Supplemental Authority (ECF No. 123) in which the State Defendants stated that *Little v. Llano County.*, No. 23-50224 (5th Cir. May 23, 2025) (en banc), supplements their "government speech argument made in their summary judgment papers." In their proposed response, Plaintiffs would address the following three points:

    1.    Contrary to the State Defendants' suggestion, the Fifth Circuit did not rule that "a library's collection decisions are government speech." Rather, the government speech section in the majority opinion was joined by only seven of the seventeen judges who participated in the decision.

139926269.#

2.     The court in *Little* effectively ruled that plaintiffs lack standing to challenge a library's decision to remove books under the First Amendment (Slip Op. at 28), which is contrary to Eleventh Circuit authority. *See Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1195 (11th Cir. 2009) (holding that student had standing to challenge school board's removal of book from school district libraries); *see also Virgil v. Sch. Bd. of Columbia Cnty., Fla.*, 862 F.2d 1517, 1525 (11th Cir. 1989) (addressing students' claim concerning removal of textbook on the merits and, therefore, necessarily finding that the students had standing).

3.     The majority opinion in *Little* relies heavily on the deference owed to the discretion of librarians, whereas the Challenged Provisions at issue in this case completely remove discretion from school districts and school librarians by prohibiting them from considering the value of books as a whole.

WHEREFORE, Plaintiffs request that the Court grant them leave to file a response of no longer than five pages to address the foregoing issues.

### Local Rule 3.01(g) Certification

In accordance with M.D. Fla. L.R. 3.01(g), I certify that counsel for Plaintiffs, Frederick J. Sperling, conferred by e-mail with counsel for the State Defendants and counsel for the School Board Defendants, who do not oppose this motion.

Dated: May 27, 2025

/s/ *David A. Karp*
David A. Karp
Carlton Fields LLP
Florida Bar No. 69226
2 MiamiCentral
700 NW First Avenue, Suite 1200
Miami, Florida 33136
Telephone: (305) 539-7280
dkarp@carltonfields.com

Frederick J. Sperling
Adam J. Diederich
Kirstie Brenson
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Telephone: (312) 258-5500
frederick.sperling@afslaw.com
adam.diederich@afslaw.com
kirstie.brenson@afslaw.com
(admitted pro hac vice)

*Attorneys for Plaintiffs*