UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PENGUIN RANDOM HOUSE LLC, *et al.*,

    Plaintiffs,

v.                                              Case No. 6:24-CV-01573-CEM-RMN

BEN GIBSON, in his official capacity as
Chair of the Florida State Board of
Education, *et al.*,

    Defendants.

_____

**Plaintiffs' Response To The
<u>State Defendants' Notice Of Supplemental Authority</u>**

Contrary to the State Defendants' contention, the Fifth Circuit's decision in *Little v. Llano County*, No. 23-50224 (5th Cir. May 23, 2025) (en banc), does not supplement their "government speech argument made in their summary judgment papers." (Notice of Supplemental Authority, ECF No. 123, at 1.)  No court has ever held that library book removal decisions are government speech. *Little* did not change that.  Moreover, the *Little* court's decision to eliminate the First Amendment rights of students with regard to library books is contrary to the decisions of numerous other courts that have addressed this issue, including the Eleventh Circuit.

The Fifth Circuit did not hold that "a library's collection decisions are government speech." (Notice at 1.)  Rather, only seven of seventeen judges joined the section of the majority opinion concerning government speech. (*See* Slip Op. at 2 n. †. *See also* Slip Op. Dissent at 22 (referencing "the government speech doctrine that fails

to command a majority in its own name" (Higginson, J., dissenting).) It remains the case that no court has ever found that a school library collection is government speech. (*See* Plaintiffs' Mot., ECF No. 107, at 26-27 and n.15 (collecting cases).)

The Eleventh Circuit has held that student plaintiffs have standing to challenge decisions in schools based on their First Amendment right to receive information. In *American Civil Liberties Union of Florida, Inc. v. Miami-Dade County School Board*, the Eleventh Circuit held that the First Amendment provided a student with standing to challenge the school board's removal of a book from his school district libraries. *See* 557 F.3d 1177, 1195 (11th Cir. 2009). And in *Virgil v. School Board of Columbia County, Florida*, the Eleventh Circuit necessarily found that the First Amendment provided standing to student plaintiffs to challenge their school district's removal of a textbook by reaching the merits of their claims. *See* 862 F.2d 1517, 1525 (11th Cir. 1989). The Fifth Circuit's decision in *Little*—which effectively ruled that plaintiffs lack standing to challenge a library's decision to remove books under the First Amendment (*see* Slip Op. at 28)—directly contradicts those Eleventh Circuit precedents. For that reason, *Little* provides no authority for the State Defendants in this Court.

Finally, *Little* is materially different from this case in that it concerned the removal of a small number of books by a county library in Texas in deference to the discretion exercised by local decisionmakers. In contrast, the Challenged Provisions are a statewide mandate that require the removal of hundreds of books with no regard for the discretion of local schools or librarians or different community standards.

The Challenged Provisions preclude school districts and their educators from considering in their decisions the value of each book as a whole as the Supreme Court requires. The Fifth Circuit's decision in *Little* does not advance the State Defendants' position in this case.

| | |
|---|---|
| Dated: June 4, 2025 | /s/ *David A. Karp* <br> David A. Karp <br> Carlton Fields LLP <br> Florida Bar No. 69226 <br> 2 MiamiCentral <br> 700 NW 1st Avenue, Suite 1200 <br> Miami, Florida 33136 <br> Telephone: (305) 539-7280 <br> dkarp@carltonfields.com <br><br> Frederick J. Sperling <br> Adam J. Diederich <br> Kirstie Brenson <br> ArentFox Schiff LLP <br> 233 South Wacker Drive, Suite 7100 <br> Chicago, Illinois 60606 <br> Telephone: (312) 258-5500 <br> frederick.sperling@afslaw.com <br> adam.diederich@afslaw.com <br> kirstie.brenson@afslaw.com <br> (admitted pro hac vice) <br><br> *Attorneys for Plaintiffs* |