UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

P<small>ENGUIN</small> R<small>ANDOM</small> H<small>OUSE</small> LLC, *et al.*,

    Plaintiffs,

v.

Case No. 6:24-<small>CV</small>-01573-CEM-RMN

B<small>EN</small> G<small>IBSON</small>, in his official capacity as
Chair of the Florida State Board of
Education, *et al.*,

    Defendants.

_____

**Plaintiffs' Motion On Entitlement To Attorneys' Fees And
Non-Taxable Expenses And Incorporated Memorandum Of Law**

Plaintiffs, by their attorneys, pursuant to Federal Rule of Civil Procedure 54(d)(2), 42 U.S.C. § 1988, and Local Rule 7.01, hereby file their Motion On Entitlement To Attorneys' Fees And Non-Taxable Expenses against Defendants, for which the State of Florida is responsible because Plaintiffs sued Defendants in their official capacity as state officials[1].

**Background**

Plaintiffs brought this successful First Amendment lawsuit against Florida state education officials (the "State Defendants"), members of the Volusia County School Board (the "Volusia County Defendants"), and members of the Orange County School

---

[1] Those Defendants who are members of the Florida State Board of Education and who were sued in their official capacity are represented in this case by the Office of the Attorney General of the State of Florida.

Board (the "Orange County Defendants" and, together with the Volusia County Defendants, the "School District Defendants"). The lawsuit challenged two provisions of Florida law that mandate the statewide content-based removal of school-library books: Sections 1006.28(2)(a)(2)(b)(I) and (II).[2]

The first challenged provision prohibits school-library books that contain any content that "describes sexual conduct" regardless of the value of the book as a whole and without specifying what level of detail or description is necessary for a book to "describe sexual conduct." Fla. Stat. § 1006.28(2)(a)(2)(b)(II). Plaintiffs challenged Defendants' enforcement of the first provision in separate claims against each set of Defendants—Count I against the State Defendants, Count IV against the Volusia County Defendants, and Count VII against the Orange County Defendants.

The second challenged provision, as construed and enforced by Defendants, prohibits school-library books that contain so-called "pornographic" content without consideration of the book as a whole. Fla. Stat. § 1006.28(2)(a)(2)(b)(I). The statutory category that prohibits "pornographic" content provides in full that it prohibits content that is "pornographic' or "harmful to minors," which is the term used in the Florida Statutes to conform to the Supreme Court's standard for content that is obscene as to minors. Plaintiffs argued that, contrary to Defendants' construction of the second provision, so-called "pornographic" content is a synonym for content that is harmful to minors, which would render it consistent with the First Amendment. Plaintiffs

---

[2] The First Amendment applies to Defendants as incorporated under the Fourteenth Amendment, and Plaintiffs brought their claims pursuant to 42 U.S.C. § 1983.

made this argument in separate claims against the State Defendants (Count II) and the Volusia County Defendants (Count V).  In the alternative, Plaintiffs argued that if "pornographic" content is construed to be distinct from content that is "harmful to minors," then "pornographic" content is an empty and meaningless overbroad standard that violates the First Amendment, as Plaintiff alleged against the State Defendants (Count III) and the Volusia County Defendants (Count VI).

Plaintiffs filed their complaint on August 29, 2024, suing all Defendants in their official capacity.[3]  On November 11, 2024, the State Defendants filed a motion to dismiss, which the Court denied on February 28, 2025.  The parties agreed that this case concerned declaratory judgment claims on legal issues to be resolved as a matter of law without trial and proposed a briefing schedule for their cross-motions for summary judgment, which the Court approved.  Plaintiffs filed their motion for summary judgment on March 4, 2025, and Defendants filed their combined motions for summary judgment and responses to Plaintiffs' motion on April 1, 2025. Following the completion of briefing, the Court held argument on the parties' motions for summary judgment on May 21, 2025.

The Court granted Plaintiffs motion for summary judgment and denied Defendants' motions for summary judgment on August 13, 2025, and judgment was entered in August 15, 2025.  (ECF Nos. 129, 130.)  As Plaintiffs argued and the Court

---

[3] Due to turnover on the Orange County School Board and the Volusia County School Board, the School Board Defendants filed unopposed motions to substitute defendants under Federal Rule of Civil Procedure 25(d), which the Court granted.

found, "both sets of Defendants"—the State Defendants and the School District Defendants—"caused Plaintiffs' injuries." (ECF No. 129 at 10.) Plaintiffs prevailed on all of their claims concerning the first challenged provision—Counts I, IV, and VII. (*Id.* at 50.) Because Plaintiffs prevailed on Counts II and V concerning the second challenged provision, they "necessarily" did not prevail on Counts III and VI, which were alleged in the alternative to Counts II and V. (*Id.* at 49-50.)

**Legal Standard**

Under Rule 54(d)(2), a prevailing party may move for attorneys' fees and related non-taxable expenses within fourteen days after the entry of judgment. Under Local Rule 7.01, a prevailing party's motion for post-judgment attorneys' fees is bifurcated. First, the prevailing party must file a motion on entitlement to attorneys' fees. If the court issues an order determining entitlement to attorneys' fees, the prevailing party must then file a supplemental motion on the amount of attorneys' fees and non-taxable expenses.

A party that prevails on claims brought pursuant to 42 U.S.C. § 1983 is entitled to recover its attorneys' fees under 42 U.S.C. § 1988 as a "prevailing party." A prevailing party is "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary with approval to define "prevailing party" as a party "in whose favor a judgment is rendered"). A plaintiff can be a prevailing party for obtaining as little as an award of nominal damages or a judgment on a claim that is not the predominant claim. *See Lackey v. Stinnie*, 145 S. Ct. 659, 668 (2025); *Ruffin*

4

*v. Great Dane Trailers*, 969 F.2d 989, 993 (11th Cir. 1992) ("a plaintiff need only prevail on one significant issue to qualify as a prevailing party").

As the Supreme Court has explained, a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). *See also New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 68 (1980) ("[T]he court's discretion to deny a fee award to a prevailing plaintiff is narrow."). The "basic philosophy" of 42 U.S.C. § 1988 is that "'fee and merits liability run together.'" *Grace v. Wainwright*, 761 F. Supp. 1520, 1527 (M.D. Fla. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 171 (1985)).

Attorneys' fees should be assessed against the state when the prevailing party brought claims against state officials in their official capacity. *Id.* (citing *Graham*, 473 U.S. at 170-171). *See also Glassroth v. Moore*, 347 F.3d 916, 918 (11th Cir. 2003) ("Chief Justice Moore was sued in his official capacity, which means that the State of Alabama is responsible for paying any attorney's fees and expenses that are imposed against him.").

### As Prevailing Parties, Plaintiffs Are Entitled To Attorneys' Fees And Non-Taxable Expenses.

There can be no genuine dispute that Plaintiffs are the prevailing parties in this lawsuit. Plaintiffs won a comprehensive victory on the parties' motions for summary judgment, vindicating their First Amendment rights and the rights of other Florida students who seek to read school-library books that have been removed under the

challenged provisions of Section 1006.28 and other authors and publishers whose books have been removed under those provisions.

In its August 13 decision, the Court ruled for Plaintiffs on all material issues that Defendants contested:

- Plaintiffs' complaint was not a "shotgun pleading." (ECF No. 129 at 18-19.)
- Plaintiffs did not seek an advisory opinion. (*Id.* at 13.)
- Plaintiffs' claims did not violate the Eleventh Amendment or intrude on sovereign immunity. (*Id.* at 13-16.)
- Plaintiffs had Article III standing for their claims against the State Defendants and the claims against the School District Defendants. (*Id.* at 8-13.)
- Plaintiffs had prudential standing for their claims against the State Defendants and the claims against the School District Defendants. (*Id.* at 16-18.)
- The First Amendment applies to the challenged provisions. Defendants' censorship of speech under the challenged provisions is not immune from First Amendment challenge under the government-speech doctrine. (*Id.* at 19-27.) Nor are the challenged provisions a mere withdrawal of a benefit that the government subsidizes. (*Id.* at 27-29.)
- Plaintiffs advocated the correct First Amendment standard, which requires that content-based restrictions on school-library books be reasonable in light of the purpose of school libraries. (*Id.* at 29-34.) Therefore, the government may not

6

    impose a blanket prohibition on non-obscene material in school libraries. (*See id.*; *see also id.* at 25.)

- The challenged provisions are overbroad under the Supreme Court's test for overbreadth. (*Id.* at 34-49.)

The Court also granted Plaintiffs the relief they requested, declaring that (1) the provision mandating the removal of a school-library book merely because it contains content that describes "sexual conduct" violates the First Amendment and (2) the provision mandating the removal of a school-library book because it contains content that is "pornographic" requires that the book be considered as a whole under Florida's standard for content that is "harmful to minors," which is consistent with the Supreme Court's test for obscenity as it applies to minors. (*Id.* at 50. *See also* ECF No. 1 (Complaint); ECF No. 118 at 29 (summarizing requested relief).)

    As the definitive prevailing parties, Plaintiffs are entitled to attorneys' fees and non-taxable expenses totaling $1,032,000, which is comprised of approximately $900,000 in attorneys' fees for services provided by their counsel at ArentFox Schiff, approximately $125,000 in attorneys' fees for services provided by their counsel at Carlton Fields, and approximately $7,000 in non-taxable expenses. Pursuant to Local Rule 7.01, these amounts are fair estimates of the amount sought, which Plaintiffs will detail in a supplemental motion if the Court grants this Motion On Entitlement.

    Plaintiffs are prepared to submit a supplemental motion showing that the amounts of attorneys' fees and non-taxable expenses that they request is reasonable, which will address and expand on the following considerations. First, the rates for

Plaintiffs' counsel at ArentFox Schiff are discounted by approximately 30%. Second, Plaintiffs sought to avoid the fees associated with briefing a motion to dismiss by proposing that Defendants raise any issue that they would have argued in a motion to dismiss in the anticipated cross-motions for summary judgment. The State Defendants rejected this proposal. Third, Plaintiffs successfully avoided significant document discovery and depositions by obtaining relevant information through public records requests and proposing and entering into stipulations with Defendants, which Plaintiffs used to establish their standing and factual support for their arguments.

## Conclusion

As the prevailing parties in this lawsuit, Plaintiffs have demonstrated their entitlement to their attorneys' fees and non-taxable expenses. For the foregoing reasons, the Court should grant this Motion and allow Plaintiffs to file a supplemental motion on the amount of attorneys' fees and non-taxable expenses.

|  |  |
|---|---|
| Dated: August 28, 2025 | /s/ *David A. Karp* |

David A. Karp
Carlton Fields LLP
Florida Bar No. 69226
2 MiamiCentral
700 NW 1st Avenue, Suite 1200
Miami, Florida 33136
Telephone: (305) 539-7280
dkarp@carltonfields.com

Frederick J. Sperling
Adam J. Diederich
Kirstie Brenson
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Telephone: (312) 258-5500
frederick.sperling@afslaw.com
adam.diederich@afslaw.com
kirstie.brenson@afslaw.com
(admitted pro hac vice)

*Attorneys for Plaintiffs*

## Local Rule 3.01(g) Certification

Pursuant to M.D. Fla. L.R. 3.01(g), Plaintiffs' lead counsel conferred by e-mail with the counsel for the Defendants about the relief sought in this motion, and state that Defendants' counsel oppose the relief sought.

/s/ *David A. Karp*